UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DR. FA'AFOUINA AFATO and SHARI AFATO, a married couple, and P.A., S.A., L.A., K.A., N.A. AND N.A., their six minor children,<br><br>    Plaintiffs,<br><br>  v.<br><br>HILLARY CLINTON, Secretary of the Department of State, JOHN DOE, Chief of the Waiver Review Division, Department of State, JIM PRITCHETT, Chief of the Office of Legislation, Regulations and Advisory Assistance, <u>et al.</u>,<br><br>    Defendants.<br>_____/ | NO. CIV. S-10-0060 FCD/EFB<br><br><br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

    This matter is before the court on (1) the motion of the government to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or alternatively, under Rule 12(b)(6) for failure

to state a claim upon which relief can be granted and (2) plaintiffs' motion to compel production and filing of the administrative records, pertaining to the adjudication of his immigration waiver application, maintained by the Department of State ("DOS") and the Department of Homeland Security ("DHS").[1] Because consideration of the administrative records is not necessary to resolve the government's motion to dismiss, the court denies plaintiffs' motion to compel as moot and directs plaintiffs to re-notice the motion before the assigned magistrate judge.[2] E.D. Cal. L.R. 302(c)(1) (directing that magistrate judges shall hear all discovery motions). As to the government's motion to dismiss, for the reasons set forth below, the motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff Dr. Fa'afouina Afato is a citizen of Samoa. (Compl., filed Jan. 8, 2010, ¶ 3.) He first entered the United States in 1982 as a nonimmigrant exchange visitor pursuant to 8 U.S.C. § 1101(a)(16)(J), a "J visa," in order to attend a masters degree program in botany at the University of Hawaii. (<u>Id.</u> ¶ 18.) He later transferred to a new J visa program to study

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] The magistrate judge previously denied plaintiffs' motion to compel without prejudice in light of the pending motion to dismiss before the undersigned. The magistrate judge indicated that if the motion to compel was not ultimately relevant to the motion to dismiss, plaintiffs could re-notice the motion before him, following this court's ruling on the motion to dismiss. (Docket #20.) As this court finds jurisdiction over plaintiffs' complaint, at least in some respects, plaintiffs may seek to compel the subject discovery via a renewed motion to the magistrate judge.

medicine at the University of Hawaii, where he earned his Doctor of Medicine degree in May of 1991. (Id. ¶ 19.) Persons who receive J visas are required to return to their home country for a period of two years before they can be granted an immigrant visa or permanent residence within the United States. 8 U.S.C. § 1182(e).[3] Dr. Afato never complied with this requirement, as after completing his residency program in 1994, he began working at a medical clinic located in Yuba County, California. (Compl. ¶¶ 20-21.) In 1996, Dr. Afato started his own private practice, serving a traditionally underserved population as recognized by the United States Department of Health and Human Services. (Id. ¶¶ 26-28.) Subsequently, Dr. Afato married a United States citizen. (Id. ¶ 32.) Together they have six children, two adopted and four biological, who are all United States citizens. (Id. ¶¶ 33, 35.)

On April 16, 2009, Dr. Afato filed an Application to Waive the Foreign Residency Requirement, pursuant to 8 U.S.C. § 1182(e) and its supporting regulations. (Id. ¶ 38.) Receiving a waiver of the two-year residency requirement is a complicated process. See 22 C.F.R. § 41.63(b)(2). Succinctly stated, first, the Director of the DHS must determine that "compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the

---

[3] Said section provides in pertinent part: "[n]o person admitted under . . . this title . . . shall be eligible to apply . . . for permanent residence, or for a nonimmigrant visa . . . until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States."

exchange visitor." 22 C.F.R. § 41.63(b)(2)(i). Then, DHS must transmit the application to the DOS, which gives a favorable or unfavorable recommendation to DHS after "review[ing] the program, policy, and foreign relations aspects of the case." 22 C.F.R. § 41.63(b)(2)(ii).

Here, the DHS determined that forcing Dr. Afato to return to Samoa for two years would impose exceptional hardship upon Dr. Afato's family; however, the DOS recommended denying the waiver, and DHS, in turn, ultimately denied Dr. Afato's waiver application on December 16, 2009. (Compl. ¶¶ 38, 42, 47, 50.)

Plaintiffs then filed the instant action, alleging violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, violation of plaintiffs' rights under the Fifth Amendment's Due Process Clause, and violation of "Customary International Law."

**STANDARDS**

**A.   Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is fundamental and cannot be waived. The party seeking to invoke the jurisdiction of the court has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

The standards that must be applied in a Rule 12(b)(1) motion vary according to the nature of the jurisdictional challenge. If, as here, the challenge is a facial attack--one contesting jurisdiction solely on the allegations of the complaint--the

4

factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. See Thornhill Pub. v. Gen'l Telephone & Electronics, 594 F.2d 730, 733 (9th Cir. 1979). A complaint will be dismissed for lack of subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution, (2) there is no case or controversy within the meaning of that constitutional term, or (3) the cause is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962).

**B.   Failure to State Claim Upon Which Relief Can be Granted**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not

allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed.

1  Id. at 1952.  While the plausibility requirement is not akin to a
2  probability requirement, it demands more than "a sheer
3  possibility that a defendant has acted unlawfully." Id. at 1949.
4  This plausibility inquiry is "a context-specific task that
5  requires the reviewing court to draw on its judicial experience
6  and common sense." Id. at 1950.

## ANALYSIS

**A.   APA**

Plaintiffs' first claim for relief is based on the APA which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702.  In reviewing agency action, the court is granted power to "hold unlawful and set aside agency action, findings, and conclusions found to be," *inter alia,* arbitrary, capricious, contrary to constitutional right, or without observance of procedure required by law.  Id. § 706.  One important caveat of the APA, however, is that a court lacks the authority to review agency decisions when "agency action is committed to agency discretion by law." Id. § 701(a)(2).  Plaintiffs allege that the government's denial of his waiver was arbitrary and capricious, in violation of regulatory and statutory requirements, and seek a declaratory judgment from the court that Dr. Afato is eligible for, and should be granted, a waiver pursuant to 8 U.S.C. § 1182(e).  The government maintains that the determination of whether such a waiver should be granted is left entirely to the discretion of the Executive Branch, and therefore, pursuant to 5 U.S.C. § 701(a)(2), the court lacks jurisdiction to determine the

7

controversy.

For this proposition, the government relies on the Ninth Circuit's decision in <u>Abdelhamid v. Ilchert</u>, 774 F.2d 1447 (9th Cir. 1985). <u>Abdelhamid</u> involved nearly identical facts to this case. Plaintiff Abdelhamid was an Egyptian citizen, a medical doctor employed by the Egyptian Ministry of Health, who entered the United States as a nonimmigrant exchange visitor on a J visa to pursue a masters degree in public health. <u>Id.</u> at 1448. Like Dr. Afato, by statute, Abdelhamid was required to return to his home country for a minimum of two years after finishing his academic pursuits before he could be granted an immigrant visa or permanent residence. <u>Id.</u>; <u>see</u> 8 U.S.C. § 1182(e). Also like Dr. Afato, Abdelhamid sought, and was denied, a waiver of the two-year residency requirement. <u>Abdelhamid</u>, 774 F.2d at 1449. Thereafter, Abdelhamid filed suit seeking to obtain the waiver through the judicial process. <u>Id.</u>

In <u>Abdelhamid</u>, the Ninth Circuit held that the district court lacked subject matter jurisdiction to hear Abdelhamid's claim. <u>Id.</u> at 1450. The "failure to make a favorable recommendation for a waiver under Section 1182(e) was 'agency action committed to agency discretion by law'" and, therefore, the court lacked jurisdiction to hear the plaintiff's claim under the APA. <u>Id.</u> (<u>quoting</u> 5 U.S.C. § 701(a)(2)). Thus, under <u>Abdelhamid</u>, this court clearly lacks subject matter jurisdiction to hear plaintiffs' complaint to the extent plaintiffs seek a determination that the waiver should have been granted. Section 1182(e) leaves the determination of whether a hardship waiver should be granted entirely within the discretion of an agency,

8

and therefore such decision is unreviewable by this court pursuant to Section 701(a)(2) of the APA.

However, contrary to the government's protestations, the court's inquiry does not end there. To the extent plaintiffs do not challenge the specific denial of Dr. Afato's waiver application but rather the agencies' failure to follow the requisite procedures established by statute or regulation for review of waiver applications, plaintiffs can state such a claim for relief. In Abdelhamid, the Ninth Circuit stated:

> Where an agency action in a given case is found to have been committed to agency discretion, federal courts have jurisdiction to review that action "when the alleged abuse of discretion involves violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions" but do not have jurisdiction to review such an action "when the alleged abuse of discretion consists only of the making of an informed judgment by the agency."

Id. (quoting Strickland v. Morton, 519 F.2d 467, 471 (9th Cir. 1975)); see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971), *overruled on other grounds by* Califano v. Sanders, 430 U.S. 99 (1977) (strictly interpreting § 701(a)(2) of the APA, drastically limiting and confining that section's applicability). In addition to challenging the waiver decision itself, plaintiffs make several allegations that the agencies involved in making the determination failed to follow their own procedures set forth in the Code of Federal Regulations.

For example, plaintiffs allege DHS failed to transmit a required copy to the Secretary of State of its determination that Dr. Afato would face extreme hardship if forced to leave the United States for two years and return to his home country. More specifically, plaintiffs allege that "the summary of the hardship

9

was incomplete, lacking in detail and otherwise insufficient to convey the depth of hardship that will be suffered absent a waiver," and that DHS "failed to transmit a complete copy of the I-612 waiver application and all supporting materials" to the DOS. (Compl. ¶¶ 44-45.) Plaintiffs assert that in doing so, DHS violated its own regulations which provide that:

> If the Secretary of Homeland Security (Secretary of DHS) determines that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the exchange visitor . . . the Secretary of DHS *shall* transmit a copy of his [sic] determination together with a summary of the details of the expected hardship . . . to the Waiver Review Division, in the Department of State's Bureau of Consular Affairs.

22 C.F.R. § 41.63(b)(2)(i) (emphasis added). To the extent plaintiffs allege that the Secretary of DHS failed to complete a mandatory, not discretionary, task, plaintiffs state a cognizable claim under the APA. See Strickland, 519 F.2d at 470.

Second, plaintiffs challenge the DOS' actions in denying the waiver on two separate grounds: (1) the DOS failed to consider all evidence in the record before rendering a decision, ignoring substantial evidence in the record without any rational basis and failing to balance the hardship and policy objectives; and (2) the DOS failed to state a reason for its denial of the waiver. Unlike the claims against DHS, neither of these allegations state a claim which is reviewable under the APA. The DOS' obligations regarding the review of a waiver application are set forth in 22 C.F.R. § 41.63(b)(2)(ii):

> With respect to those cases in which the Secretary of DHS has determined that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the

10

        spouse or child of the exchange visitor, the Waiver Review Division [of the DOS] shall review the program, policy, and foreign relations aspects of the case, make a recommendation, and forward it to the appropriate office at DHS.

22 C.F.R. § 41.63(b)(2)(ii). As set forth above, the DOS' review of the program, policy, and foreign relations aspects of Dr. Afato's case is unreviewable under the APA. Abdelhamid, 774 F.2d at 1450 ("We note that 22 C.F.R. § 514.32 [now § 41.63(b)(2)(ii)] directs the USIA Director to review 'the policy, program, and foreign relations aspects of the case' before transmitting a recommendation to the Attorney General; however, this regulation raises no legal issues for review."). As to plaintiffs' second allegation, they have not directed the court to any statute or regulation which requires the *DOS* to explain its reasoning in denying a waiver. *DHS* regulations require the DHS to "explain in writing the specific reasons for denial," 8 C.F.R. § 103.3; however, no regulation places a similar requirement on the DOS.

    Lastly, plaintiffs claim that DHS failed to properly "explain in writing the specific reasons for denial." 8 C.F.R. § 103.3. In response to Dr. Afato's waiver request, he received a copy of his waiver application which included a stamp stating "DENIED." At the bottom of the form, in an area designated for "remarks," "Denied DOS 12/4/09" is written. (Government's Motion to Dismiss [Docket # 17], filed March 24, 2010, Ex. E.) In Abdelhamid, the Ninth Circuit held that district courts have jurisdiction over such a claim; however, the court found that a short, one-

1  sentence statement of the reason for denying the waiver was
2  adequate under the then governing regulations which required
3  the applicant, if denied, to be notified of the "reasons
4  therefor."  774 F.2d at 1450.  Here, the government argues
5  that the "concededly sparse" information provided to Dr.
6  Afato sufficiently "explain[ed] in writing the specific
7  reasons for denial," as held in Abdelhamid.
8      This court disagrees.  Viewing the facts plead in the
9  complaint in the light most favorable to plaintiffs, the
10 court cannot find, as a matter of law, that a response
11 stating simply, "Denied DOS 12/4/09," meets the requirements
12 of 8 C.F.R. § 103.3, a regulation which was not in effect at
13 the time of Abdelhamid.  By a plain reading of the
14 regulation, Dr. Afato was entitled to an *explanation* in
15 writing of the *specific reasons* for the denial.  8 C.F.R.
16 § 103.3.  Plaintiffs have alleged sufficient facts to state
17 a claim that the agency did not provide that explanation in
18 this case in violation of the governing standards.
19     In sum, to the extent plaintiffs seek by their
20 complaint to have this court determine whether Dr. Afato
21 should be granted a waiver pursuant to 8 U.S.C. § 1182(e),
22 or a ruling that the DOS inadequately reviewed the program,
23 policy, and foreign relations aspects of Dr. Afato's case,
24 as established in Abdelhamid, the court lacks subject matter
25 jurisdiction to hear such claims under the APA.
26 Accordingly, the government's motion to dismiss these claims
27 is GRANTED.  However, to the extent plaintiffs allege that
28 DHS failed to follow its own regulations in transmitting a

12

1  copy of its determination of hardship together with a
2  summary of the details of the expected hardship to the DOS,
3  and failed to give adequate written explanation of the
4  reasons for its denial of the waiver application to Dr.
5  Afato, plaintiffs have stated a claim for relief under the
6  APA, and the government's motion to dismiss as to these
7  issues is, therefore, DENIED.

**B.    Due Process**

The government also moves to dismiss plaintiffs' third claim for relief, alleging a due process violation, on the ground it fails to state a cognizable claim.  In its entirety, plaintiffs' third claim for relief states:  "The Defendant's denial of Dr. Afato's waiver application without any rational basis violates Plaintiffs' right to due process of law under the 5th Amendment to the United States Constitution."  (Compl. ¶ 75.)  Though not clear from the complaint, based on plaintiffs' opposition to the motion to dismiss, it appears plaintiffs are claiming violations of both procedural and substantive due process.

**1.    Procedural Due Process**

In order to state a claim for a violation of procedural due process, a plaintiff must show that he or she has a legitimate claim of entitlement to the benefit claimed. Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  A unilateral expectation of a benefit is not enough to bring denial of that benefit within the Due Process Clause.  Id.

Here, plaintiffs have made no showing that Dr. Afato is entitled by any source of law to a Section 1182(e) waiver.

13

1  Indeed, plaintiffs cannot make this showing because the
2  granting of a waiver is given to the discretion of the
3  Executive Branch.  8 U.S.C. § 1182(e) ("the Attorney General
4  *may* waive the requirement of [a] two-year foreign residence
5  abroad in the case of any alien whose admission to the
6  United States is found by the Attorney General to be in the
7  public interest") (emphasis added).  Because plaintiffs
8  cannot show that Dr. Afato is legally entitled to a waiver
9  of the two-year residency requirement, the government's
10 motion to dismiss plaintiffs' procedural due process claim
11 is GRANTED.

**2.   Substantive Due Process**

Plaintiffs also argue that forcing Dr. Afato to leave his family for two years to return to his home country violates his substantive due process rights.  It is well recognized that familial association is a fundamental interest protected by the substantive component of the Due Process Clause.  See, e.g., Moore v. City of East Cleveland, 431 U.S. 494 (1977).  However, challenges to immigration statutes on this basis have been generally unsuccessful. See Munoz v. Ashcroft, 339 F.3d 950 (9th Cir. 2003).  "In the immigration context, courts have 'long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'"  Id. at 954 quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 210 (1953).  For example, in Munoz the Ninth Circuit upheld the deportation of a twenty-four-year-old who

14

had been in the United States since he was one, had strong familial and other connections within the United States, and had no connections with his native country. Id. "Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause." Id. citing INS v. Yang, 519 U.S. 26, 30 (1996)) (recognizing the Attorney General's "unfettered discretion" to award suspension of deportation). Therefore, plaintiffs cannot state a claim based on a theory of substantive due process and, accordingly, the government's motion to dismiss this claim is GRANTED.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss is GRANTED in part and DENIED in part. To the extent plaintiffs request that the court determine whether Dr. Afato should be granted a waiver pursuant to Section 1182(e), or a ruling that the DOS inadequately reviewed the program, policy, and foreign relations aspects of Dr. Afato's case, the government's motion to dismiss for lack of subject matter jurisdiction is GRANTED. To the extent plaintiffs allege the DHS failed to follow its own regulations in transmitting a copy of its determination of hardship together with a summary of the details of the expected hardship to the DOS, and failed to give adequate written explanation of the reasons for the denial of Dr. Afato's waiver application, the government's motion to dismiss is DENIED. Because plaintiffs cannot state a claim

under either the procedural or substantive components of the Due Process Clause, the government's motion to dismiss plaintiffs' third claim for relief is GRANTED.[4]

IT IS SO ORDERED.

DATED: June 2, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The government's motion to dismiss makes no mention of plaintiffs' fourth claim for relief for violation of "Customary International Law." As such, the court renders no ruling regarding that claim.