UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DR. FA'AFOUINA AFATO and SHARI AFATO, a married couple, and P.A., S.A., L.A., K.A., N.A. AND N.A., their six minor children,

   Plaintiffs,

 v.

HILLARY CLINTON, Secretary of the Department of State, JOHN DOE, Chief of the Waiver Review Division, Department of State, JIM PRITCHETT, Chief of the Office of Legislation, Regulations and Advisory Assistance, et al.,

   Defendants.
_____/

NO. CIV. S-10-0060 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

  This matter is before the court on plaintiffs' motion to amend the complaint to (1) add additional factual allegations to support their procedural due process claim and (2) to add a new claim for relief challenging defendants' statutory authority and

1

rulemaking procedures.[1]  Defendants oppose the motion, arguing plaintiffs have not established good cause to permit amendment of the complaint, pursuant to Federal Rule of Civil Procedure 16, because plaintiffs have not diligently moved to amend. Alternatively, defendants contend that even if the court finds plaintiffs acted diligently, the motion should be denied because the proposed amendments to the complaint are futile--the substantive claims for relief plaintiffs seek to allege are barred as a matter of law as previously established by the court in its Memorandum and Order, filed June 2, 2010 (Docket #28) (the "June 2 Order").

For the reasons set forth below, the court grants in part and denies in part plaintiffs' motion.  The court grants the motion to the extent plaintiffs are permitted leave to assert a further challenge under the Administrative Procedures Act ("APA"), but the motion is denied with respect to plaintiffs' assertion of a due process claim.  As set forth in the court's June 2 Order that latter claim is not cognizable as a matter of law.

This case, primarily asserting claims pursuant to the APA, arises from defendants' denial of plaintiff Dr. Fa'afouina Afato's immigration application under 8 U.S.C. § 1182(e), seeking a waiver of the foreign residency requirement.  That requirement mandates that Dr. Afato return to his home country for a period of two years before being granted an immigrant visa or permanent

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

1 residence within the United States.  Plaintiffs are Dr. Afato,
2 his wife and their six minor children.  The court incorporates by
3 reference the factual background set forth in its June 2 Order.
4    In moving to amend, plaintiffs cited Rule 15 as the basis
5 for their motion.  However, because a scheduling order is in
6 place, the standards of Rule 16 rather than Rule 15 govern
7 amendment of the pleadings.  See Johnson v. Mammoth Recreations,
8 Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage,
9 Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).  The
10 court's scheduling order provided that further amendment of the
11 pleadings must comport with Rule 16's "good cause" requirement.
12 Fed. R. Civ. P. 16(b).  That requirement primarily considers the
13 diligence of the party seeking the amendment.  Mammoth
14 Recreations, 975 F.2d at 609.  When evaluating whether a party
15 was diligent, the Ninth Circuit has determined that "the focus of
16 the inquiry is upon the moving party's reasons for [the
17 amendment].  If that party was not diligent, the inquiry should
18 end."  Id. at 610.  Only after the moving party has demonstrated
19 diligence under Rule 16 does the court apply the standard under
20 Rule 15 to determine whether the amendment was proper.  See
21 Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F.
22 Supp. at 1232 n.3.
23    Here, contrary to defendants' characterization, plaintiffs
24 acted diligently in requesting leave to amend.  Following the
25 court's June 2 Order, granting in part and denying in part
26 defendants' motion to dismiss the complaint for lack of subject
27 matter jurisdiction, the parties met and conferred regarding
28 preparation of a joint status conference report.  They filed the

3

1 report on July 12, 2010.  Therein, plaintiffs indicated they
2 intended to file a motion to amend the complaint on or before
3 August 6, 2010; defendants did not object.  (Docket #31.)  While
4 the court ultimately issued its Status (Pre-trial) Scheduling
5 Order on July 14, 2010, which did not reference plaintiffs'
6 anticipated motion and instead simply set forth its standard
7 provision requiring that any further amendments to the pleadings
8 comply with Rule 16, the court cannot now disregard the parties'
9 underlying report.  Based on that joint report, defendants were
10 well aware of plaintiffs' intention to seek leave to amend, and
11 they did not voice an objection.  Plaintiffs have acted
12 diligently, informing the court of their intention to seek leave
13 to amend in July and indeed filing their motion on August 6 as
14 they had represented they would do.  Accordingly, there is no
15 basis to deny plaintiffs' motion on the ground of a lack of
16 diligence.

17      Where a moving party makes the threshold showing of good
18 cause, the court next considers the propriety of the amendment
19 under Rule 15.  Pursuant to Rule 15(a), leave to amend should be
20 freely given.  However, the court is not required to allow *futile*
21 amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.
22 Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  "Valid reasons for
23 denying leave to amend include undue delay, bad faith, prejudice,
24 and futility."  Cal. Architectural Building Prods. v. Franciscan
25 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).

26       Defendants contend that the proposed amendment of the
27 complaint would be futile because the subject claims for relief
28 are barred as a matter of law.  Defendants are correct, in part.

4

With respect to a procedural due process claim, this court has previously held that plaintiffs cannot state such a claim for relief. (June 2 Order at 13-15.) While plaintiffs have now alleged additional facts to attempt to state a due process claim, including alleging with more specificity the property and liberty interests at stake (FAC ¶s 132-135), plaintiffs cannot establish, as this court held, the threshold requirement that Dr. Afato is entitled by any source of law to a Section 1182(e) waiver. To state a claim for violation of procedural due process, a plaintiff must show he has a legitimate claim of entitlement to the benefit claimed. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). The court previously found in its June 2 Order that plaintiffs could not make this showing because the granting of a waiver is given to the discretion of the Executive Branch. (June 2 Order at 14.) For the same reasons as stated in that Order, plaintiffs' new allegations do not state a cognizable due process claim.

With respect to the claim for relief challenging under the APA defendants' statutory authority and rulemaking procedures, plaintiffs allege (1) the Department of State ("DOS") is illegally collecting application fees for I-612 waiver applications when no statute or agency rule permits assessment of fees, and (2) the DOS has promulgated rules and procedures for seeking I-612 waivers without following the requisite notice and comment procedures. It is well recognized that such claims are cognizable and fall within the court's jurisdiction under the APA to review agency action. While this court found in its prior order that it lacked jurisdiction over any claim challenging the

propriety of the agencies' denial of Dr. Afato's wavier application, it made clear that it has jurisdiction over claims attacking the agencies' procedures and their compliance with statutory requirements.  (June 2 Order, finding that "to the extent plaintiffs allege that DHS failed to follow its own regulations in transmitting a copy of its determination of hardship together with a summary of the details for the expected hardship to the DOS, and failed to give adequate written explanation of the reasons for its denial of the waiver application to Dr. Afato, plaintiffs have stated a claim for relief under the APA").  Plaintiffs now seek to allege an alternative attack on the agencies' regulations and their compliance with statutory requirements.  These claims are likewise legally tenable.  See Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 676 (1986) (holding that a court has jurisdiction over an "attack on the validity of a regulation" notwithstanding the lack of jurisdiction over a challenge to "the amount of the Medicare payment to be made on a particular claim); Universal Health Servs. of McAllen, Inc. v. Sullivan, 770 F. Supp. 704, 710 (D. D.C. 1991) (recognizing that statute's preclusion of review of reclassification determinations does not imply "a congressional intent to preclude review of the underlying guidelines"); Jeanty v. Bulger, 204 F. Supp. 2d 1366, 1382-83 (S.D. Fla. 2002) (holding that while the putative class could not directly challenge the immigration service's individual decisions regarding their applications for temporary admission into the United States, the court had jurisdiction to hear under the APA plaintiffs' notice-and-comment rulemaking challenge to

the service's policy).

Accordingly, because plaintiffs acted diligently in moving to amend their complaint and there is no conceivable prejudice to defendants as this case was only scheduled in July 2010 and trial is not set to commence until February 2012, the court grants in part plaintiffs' motion.  While its procedural due process claim is not cognizable for the same reasons stated in the court's June 2 Order, plaintiffs may amend their complaint to add a further challenge under the APA.  Plaintiffs shall file a first amended complaint in compliance with this order and the court's Order of June 2 within 15 days of the date of this order.  Defendants shall have 20 days after service thereof to file a response.

IT IS SO ORDERED.

DATED: September 28, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE